UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AMY SMITH                                                                CIVIL ACTION

VERSUS                                                                   NUMBER: 14-2689

TOURO INFIRMARY, ET AL.                                                  SECTION: "I"(5)

**REPORT AND RECOMMENDATION**

In this Title VII employment case, Defendants, Touro Infirmary ("Touro") and Larry Anderson ("Anderson"), seek to recover attorneys' fees and costs totaling over $225,000 as prevailing defendants under 42 U.S.C. § 2000e *et seq.* against Plaintiff, Amy Smith.[1] The Defendants' motions seeking that relief have been referred to the undersigned for report and recommendation. (Rec. docs. 112, 113, 128). Because this Court finds that Plaintiff's claims were not frivolous, meritless, or groundless under relevant Unites States Supreme Court precedent, the Court will recommend that the Defendants' requests for attorneys' fees and costs be **denied**.[2]

I.   **Procedural Background**

Touro filed a motion for summary judgment on July 21, 2015, asking this Court to dismiss all of Plaintiff's claims against it. (Rec doc. 80). Anderson filed a similar motion. (Rec. doc. 81). On August 28, 2015, the District Judge granted Touro's and Anderson's

---

[1] Touro seeks $166,417.50 (rec. doc. 126-2) and Anderson seeks $65,645.50. (Rec. doc. 111-1).

[2] The opinion below explains in detail the basis of the Court's decision on the merits of Touro's and Anderson's motions. As a threshold matter, however, because Smith never made a Title VII claim against Anderson, he is simply not entitled to claim attorneys' fees under that statute and his motion can be denied on that basis alone. Even if that were not the case, because he did no more than adopt Touro's arguments in support of its motion and the Court rejects those arguments, Anderson's motion should also be denied on the merits.

motions, dismissing Plaintiff's claims in their entirety. (Rec. docs. 106, 107). Thereafter, on September 11, 2015, Touro timely filed the present motion for attorneys' fees (rec. doc. 108), arguing that Plaintiff's claims were meritless and frivolous. Anderson subsequently filed his own motion, adopting Touro's argument in support thereof. (Rec. doc. 111).

Thereafter, on September 21, 2015, Plaintiff filed a notice of appeal of the underlying order and reasons granting Defendants' motions for summary judgment. (Rec. doc. 116). Ultimately, Plaintiff only appealed the dismissal of her FMLA retaliation and Title VII hostile work environment claims, leaving unchallenged the dismissal of her claims for sexual harassment, Title VII retaliation, and FMLA interference.

On September 22, 2015, Plaintiff filed an opposition to Touro's motion for attorneys' fees, arguing that her claims were not frivolous, that the requested fees were unreasonable, and that any decision with regard to fees at that time would be a waste of judicial resources, given the aforementioned appeal. (Rec. doc. 117). The same day, Plaintiff filed a motion to continue the hearing on the attorneys' fees motions until the appeal was decided. (Rec. doc. 118). On September 25, 2015, the District Judge stayed Touro's and Anderson's attorneys' fees motions pending the outcome of the appeal, providing that "[c]ounsel may move to lift the stay by filing a written motion within 30 days of final disposition by the U.S. Court of Appeals for the Fifth Circuit and/or the U.S. Supreme Court." (Rec. doc. 123).

On March 18, 2016, the Fifth Circuit issued its decision on Smith's appeal, affirming the District Judge's grant of Touro's and Anderson's motions for summary judgment. (Rec. doc. 132). Within 30 days, Touro filed a motion to lift stay and to award attorneys' fees, re-urging its previously filed motion. (Rec. doc. 126). Plaintiff filed an opposition to that motion (rec. doc. 133) and Touro filed a reply memorandum. (Rec. doc. 137). On April 27, 2016, this

Court held oral argument on the various motions for attorneys' fees and took the matter under advisement. (Rec. doc. 138).

## II. Law and Analysis

It is well-settled that litigants must generally pay their own attorneys' fees. Congress, however, has created certain statutory exceptions to this general rule that allow the prevailing party to recover attorney's fees under certain circumstances, Title VII being one such exception. *See, e.g.*, 42 U.S.C. § 2000a–3(b) ("In any action commenced pursuant to this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, and the United States shall be liable for costs the same as a private person."). Notwithstanding this language, these statutory exceptions, including that set forth in Title VII, generally serve to protect plaintiffs. *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 997 (5th Cir. 2008). Fee-shifting statutes usually create "'a presumption in favor of awarding fees to a prevailing plaintiff but allow[] fees to be awarded to a prevailing defendant only if the suit was frivolous.'" *Id.* (quoting *Sullivan v. William A. Randolph, Inc.*, 504 F.3d 665, 670 (7th Cir. 2007)).

The justifications for placing this additional burden on fee-seeking prevailing defendants were described in detail by the United States Supreme Court in the seminal case on the matter, *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 964 (1978). Citing with approval two lower appellate court decisions creating a heightened standard for fee-shifting in favor of a prevailing defendant, the *Christianburg* Court stated:

> To the extent that abstract words can deal with concrete cases, we think that the concept embodied in the language adopted by these two Courts of Appeals is correct. We would qualify their words only by pointing out that the term "meritless" is to be understood as meaning groundless or without foundation, <u>rather than simply that the plaintiff has ultimately lost his case</u>,

3

and that the term "vexatious" in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him.  In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was <u>frivolous, unreasonable, or without foundation</u>, even though not brought in subjective bad faith.

In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.  This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.  No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable.  Decisive facts may not emerge until discovery or trial.  The law may change or clarify in the midst of litigation.  Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

. . . .

To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII.[3]

The Fifth Circuit has faithfully followed this guidance concerning the "chilling effect" of assessing fees against unsuccessful plaintiffs, repeatedly admonishing that the mere fact that a case or claim is dismissed summarily before trial does not establish that the underlying claims were "frivolous, unreasonable or groundless" under *Christianburg*.  *See Hidden Oaks,*

---

[3] *Id.* at 421-422, 98 S.Ct. at 700.  (emphasis added)(citing *United States Steel Corp. v. United States*, 519 F.2d 359 (3rd Cir. 1975) (finding an award of fees against defendant not proper because that defendant's action had not been "unfounded, meritless, frivolous or vexatiously brought"); *Carrion v. Yeshiva University*, 535 F.2d 722 (2nd Cir. 1976) (upholding an attorney's fee award to a successful defendant upon finding that such awards should be permitted "not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious.")).

*Ltd. v. City of Austin*, 138 F.3d 1036, 1053 (5th Cir. 1998)(citing *Hughes v. Rowe*, 449 U.S. 5, 15–16, 101 S.Ct. 173, 178–79 (1980)("The fact that the Court dismissed Plaintiffs' suit is not in itself a sufficient justification for the fee award.")); *see also Jones v. Texas Tech. Univ.*, 656 F.2d 1137, 1145-47 (5th Cir. 1981); *Plemer v. Parsons–Gilbane*, 713 F.2d 1127, 1140-42 (5th Cir. 1983).

In both its memoranda in support of its motion for fees and motion to lift stay, Touro relies almost exclusively on the *Christianburg* decision, essentially foregoing any reference or discussion of its progeny, save for a passing mention of two cases that, as it turns out, are unhelpful here.

First, without explaining why the case supports its position, Touro cites the *No Barriers, Inc. v. Brinker Chili's Texas, Inc.*,[4] case as authority for its argument that Plaintiff's claims here were frivolous, groundless or meritless. The *No Barriers* case involved a claim for attorneys' fees by a prevailing defendant in an Americans with Disabilities Act case that was premised on the idea that Plaintiff had sued the defendant in the wrong capacity and had continued to litigate against that entity despite "repeated protestations [from the defendant] and a strong suggestion from the district court" that it cease to do so. *Id.* at 498 (emphasis added). While the Court gleans nothing in the facts of that case that meaningfully guides it here, the Court does take note that the record in that case reflected the presence of two things that are absent from the record in this one: "repeated protestations" of the defendant and a "strong suggestion" by the court itself that Plaintiff was pursuing a groundless claim. *Id.* In this case, while Touro's briefing is permeated by suggestions of

---

[4] 262 F.3d 496 (5th Cir. 2001).

5

similar "repeated protestations" throughout the life of this case, there is virtually no evidence to support that suggestion.

A linchpin of Touro's (and, by extension, Anderson's) argument in this matter is its insistence that, throughout the litigation, it repeatedly asked Plaintiff to dismiss some or all of her claims. And yet there is not a single piece of documentary evidence attached to Touro's original brief that supports these statements. There is but a single email attached to Touro's follow-up brief in which its counsel unsuccessfully sought to have plaintiff agree to a stipulation dismissing some of her claims. (Rec. doc. 126-4 at pp. 2-3). And while Touro included an affidavit executed by its counsel as an exhibit to its original motion, that affidavit speaks only to the reasonableness of its fee request and is silent as to any details of Touro's or its counsel's repeated entreaties to Plaintiff or her counsel to dismiss some or all of her claims. (Rec. doc. 108-4). Similarly, the Court is cited to nothing in the record of this case which suggests that the District Judge weighed in on the merits of any of Plaintiff's claims until he ruled upon the motions for summary judgment. Accordingly, the Court does not find the *No Barriers* decision helpful to a determination of this matter.

Similarly unhelpful to Touro's argument is its late reliance on the unpublished *per curiam* decision of the Fifth Circuit in *Butler v. MBNA Technology, Inc.*, 140 Fed. Appx. 542 (5th Cir. 2005).[5] That decision (cited for the first time in Touro's reply brief (rec. doc. 137)) affirmed a district court's award of fees for reasons not stated anywhere in the decision and is of such limited precedential weight that no subsequent court has ever cited it as authority for fee-shifting in a Title VII case.

---

[5] The Panel in *Butler* directed that "[p]ursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4," none of which apply in this matter. *Id.* at 543.

6

Finding no guidance in the aforementioned cases, the Court nonetheless conducted its own additional research, locating two earlier district court decisions in this Circuit that support its finding that this is not a case where fee-shifting in favor of the prevailing defendant is appropriate.

In *Davis v. Braniff Airways, Inc.,* 468 F.Supp. 10, 14 (N.D. Tex. 1979), the district court awarded attorneys' fees to a prevailing defendant in a Title VII action for continuing to litigate a claim that was clearly barred by *res judicata* because the plaintiff had previously signed a release that covered the claims in that lawsuit. The plaintiff's vexatious conduct in that case stands in somewhat stark contrast to the facts present in this case. The *Davis* Court noted that, as early as February of 1978, defendant had notified plaintiff's counsel orally and in writing that the lawsuit was frivolous, in part because Davis had signed a release agreement that barred the claims being pursued. *Id.* at 14. When plaintiff refused to act on this advice, defendant filed a motion to dismiss, attaching as an exhibit the actual release signed by Davis that, on its face, released the claims he was pursuing in the cited case. *Id.* The plaintiff, through counsel, failed to file a response to that motion but also refused to dismiss the matter, forcing the court to hold a hearing over a year after the release was initially brought to plaintiff's counsel's attention by defense counsel in February 1978. *Id.* at 15. At that hearing, the Court granted the motion to dismiss and noted it would take up the matter of attorneys' fees. *Id.*

The *Davis* Court, applying the *Christianburg* standard, found that "[e]ven though more praiseworthy conduct would have uncovered the release prior to instigation of the suit, and prior to preparation and submission of the motion, surely the *Christiansburg* doctrine applied upon receipt of the motion to dismiss," which had actually attached the subject

7

release as an exhibit. *Id.* Under the circumstances, the court found that an award of fees was appropriate.

Similarly, the litigation conduct of the plaintiff in *Whiten v. Ryder Truck Lines, Inc.*, 520 F.Supp. 1174 (M.D. La. 1981), against whom fees were assessed by the district court, aptly contrasts with that of the Plaintiff here. In that case, the plaintiff brought claims for racial discrimination under a panoply of statutes and constitutional amendments. The district judge dismissed all but the Title VII claim and in doing so, described Plaintiff's complaint as follows:

> Counsel for the plaintiff have attempted to invoke the jurisdiction of this Court by citing just about every statute and every constitutional amendment that came to their minds, whether those statutes or amendments were pertinent or not. They have simply taken a "shotgun approach" which this Court <u>strongly condemns and because of which this Court should probably dismiss this entire suit</u> and require the plaintiff to begin anew. . . .
>
> The claims made by the plaintiff under 42 U.S.C. ss 1981, 1982, 1983, 1985, 1986, and 1988 are all either prescribed or totally inapplicable. Also the Plaintiff's claims under the First, Fifth, Thirteenth, Fourteenth, and Fifteenth Amendments to the Constitution of the United States are dismissed as having not been properly set forth in this complaint.

*Id.* at 1176 (emphasis added).

Having been so admonished, plaintiff continued to litigate his discrimination claim, the central tenet of which was an attack on a seniority system that had been expressly approved by the United States Supreme Court in the 1977 *International Brotherhood of Teamsters v. United States* decision. *Id.* at 1176 (citing 431 U.S. 324, 97 S. Ct. 1843 (1977)). That claim was predictably dismissed on summary judgment as "totally unreasonable

because of the *Teamsters* opinion." *Id.* Thereafter, the district court found an award of fees against the plaintiff was supported by *Christianburg*. *Id.* at 1177-78.

The underlying facts and circumstances of the *No Barriers*, *Davis*, and *Whiten* cases stand in contrast to those here. The "aggravating circumstances" present in those cases simply are not present here. For instance, had Touro provided written or otherwise documented notice to Plaintiff in some form, whether under Federal Rule of Civil Procedure 11 or some other vehicle, notifying Plaintiff or her counsel that her claims were frivolous and her continued pursuit of them might subject her to a motion for attorneys' fees such as the one now before the Court, its argument in favor of that motion might indeed have more traction and the *No Barriers* decision (and the others located by the Court) might be helpful. However, while the Court takes no position here on whether such conversations actually took place during the litigation, it cannot credit this particular argument as a basis for awarding fees against Plaintiff when <u>evidence</u> of such ongoing conversations or entreaties is simply not to be found in this record.

Likewise, the Court is unconvinced by Defendants' repeated insistence that, "other than Plaintiff's unsubstantiated assertions, she failed to put forth *any* evidence she was retaliated against for taking FMLA leave or for filing a charge of discrimination with the EEOC." (Rec. doc. 108-2 at p. 2)(emphasis in original). First, as a threshold matter, it is not at all clear to this Court that sworn assertions by an aggrieved employee need to be otherwise "substantiated" to have the evidentiary weight necessary to prevail before a jury. In this case, the record contains testimony from Plaintiff that describes troublesome and potentially discriminatory conduct by her supervisor that makes it clear that she subjectively believes she was impermissibly discriminated and retaliated against. While Fifth Circuit

precedent requires that such subjective perceptions or beliefs must also be "objectively reasonable," *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003), that Smith ultimately failed in her effort to demonstrate that objective reasonableness does not make her lawsuit frivolous.

Moreover, the Court finds that there was at least some evidence proffered by Plaintiff in addition to her own testimony that might have supported her claims. For instance, she offered the sworn affidavit of a former co-worker, Chet Bourg, who stated in part

> I observed Amy Smith being talked down to by [Defendant] Larry Anderson. She seemed to be singled out for harsh words. Larry Anderson often used vile language and laced it with demeaning terms such as "honey", "babe" which seemed so out of place in the hospital. This seemed to increase with time and seemed to be particularly bad when Amy returned from her medical leave in 2013. Sometimes I had to take up the slack when Amy was feeling particularly bad on the job. I had worked with Amy at St. Tammany hospital and she was able to function there with no apparent problems. In 2013, however, Amy appeared as if her headaches were much worse. She had more problems concentrating and she was visibly worried about her making mistakes in patient care.

(Rec. doc. 85-4 at p. 3).

Smith also submitted Anderson's deposition testimony, in which he stated that his employment at Touro had been terminated because he misled his employer concerning a relationship he had with a subordinate. (Rec. doc. 85-7 at pp. 28-29). Such testimony might have been employed by Smith to call into question Anderson's credibility on any number of issues, had the case proceeded to trial.

Unfortunately for Smith, she never got that far, as the District Judge granted summary judgment and the Fifth Circuit upheld that decision. This Court is now asked by Touro and Anderson – essentially – to find that the mere fact that she lost her case on summary

judgment should, under *Christianburg*, equate to a finding that her case was frivolous, vexatious, groundless, and unreasonable. But that request seemingly ignores ample Fifth Circuit precedent that expressly cautions against the very real risk of a "chilling effect" on meritorious claims should such *post hoc* reasoning prevail. Given that precedent and the facts of this case, it will be recommended that Defendants' motions for attorneys' fees be denied. For Defendants, a complete victory on the merits should be reward enough.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc). [6]

New Orleans, Louisiana, this  6th  day of  June , 2016.

　　　　　　　　　　　　　　　　　MICHAEL B. NORTH
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[6] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

11